**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF TENNESSEE**
**CHATTANOOGA DIVISION**

| | |
|---|---|
| In re: ) | |
| ) | Case No. 1:25-bk-11197-NWW |
| **POOLE FUNERAL HOME** ) | |
| **REAL ESTATE, LLC,** *et al.*, ) | Chapter 11 |
| ) | |
| Debtor. ) | Jointly Administered |
| ) | |

**DEBTORS' MOTION**
**SEEKING ENTRY OF AN ORDER (I) AUTHORIZING THE SALE OF**
**CERTAIN TENNESSEE PROPERTIES AND (II) GRANTING RELATED RELIEF**

---

**NOTICE OF HEARING**

**Notice is hereby given that:**

A hearing will be held on the Debtors' Motion Seeking Entry of an Order (I) Authorizing the Sale of Certain Tennessee Properties and (II) Granting Related Relief, on December 18, 2025, at 9:00 a.m. (prevailing Eastern Time) located at Courtroom A, United States Bankruptcy Court, 31 E 11th Street, Chattanooga, Tennessee 37402.

<u>Your rights may be affected.</u>  You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you do not want the court to grant the relief requested, you or your attorney must attend this hearing.  If you do not attend the hearing, the court may decide that you do not oppose the relief sought in the Application and may enter an order granting that relief.

---

The above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") respectfully state as follows in support of this motion (the "<u>Motion</u>").

**Relief Requested**

1. The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), authorizing, but not directing, the Debtors to (a) sell real property located at 2415 North Ocoee Street, Cleveland, TN 37311 and 3010 North Ocoee Street, Cleveland, TN 37312 (the "Properties") free and clear of any liens or encumbrances and (b) granting related relief.

**Jurisdiction and Venue**

2. The United States Bankruptcy Court for the Eastern District of Tennessee (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The Debtors confirm their consent to the Court entering a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory bases for the relief requested herein are sections 105(a) and 363 of title 11 of the United States Code (the "Bankruptcy Code"), rules 2002, 6004, 9006, and 9007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 6004-1 and 9013-1(b) of the Local Rules of the United States Bankruptcy Court for the Eastern District of Tennessee (the "Local Rules").

**Background**

5. The Poole funeral home brand ("Poole") is one of the larger and more sophisticated funeral home brands in the Southeast. Poole provides funeral services to clients across the states of Tennessee and Georgia. The Poole brand was founded by Brian Poole, a successful entrepreneur who created a household-name brand in the State of Georgia prior to moving to Tennessee. While

the brand thrived in Georgia, Poole fell prey to fraud and deceptive acts after a sale process for various locations in Southeast Tennessee. As such, a chapter 11 filing was necessitated.

6. On May 12, 2025 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. A detailed description of the facts and circumstances of these chapter 11 cases is set forth in the *Declaration of Brian Poole, Chief Executive Officer of Poole Funeral Home Real Estate, LLC, in Support of Chapter 11 Petitions and First Day Motions* (the "Poole Declaration"), filed contemporaneously with this Motion and incorporated by reference herein.[1] As described in more detail in the Poole Declaration, the Debtors commenced these chapter 11 cases to provide the Debtors an opportunity to stabilize their business and consummate a comprehensive restructuring transaction that maximizes value and facilitates go-forward business success.

7. The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On May 19, 2025, the Court entered an order procedurally consolidating the Debtors' five (5) chapter 11 cases. [Docket No. 59]. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases and no official committees have been appointed or designated.

## Basis for Relief

8. Section 363(b)(1) of the Bankruptcy Code allows a debtor "after notice and a hearing may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Many courts in this jurisdiction look to the "business judgment" standard when analyzing a debtor's sale or use of assets outside of the ordinary course of business. Specifically, courts look to whether a debtor can demonstrate a sound business justification for the

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Poole Declaration.

Main Document    Page 4 of 14

transaction in question. *See, e.g.*, *In re Eagle Picher Holdings, Inc.*, 2005 WL 4030132 (Bankr. S.D. Ohio 2005); *In re Lionel Corp.*, 722 F.2d 1063, 1071 (2nd Cir. 1983).

9. Important to courts is the debtor's good business reason for facilitating such a sale. *Stephens Industries, Inc. v. McClung*, 789 F.2d 386 (6th Cir. 1986). The business judgment rule also protects a debtor, once its business decision is made, from being targeted or otherwise "second-guessed". *In re Johns-Manville Corp.*, 60 B.R. 612, 615–16 (Bankr. S.D.N.Y. 1986) (noting a "presumption of reasonableness attaches to a debtor's management decisions" and courts will generally not entertain objections to a debtor's conduct after a reasonable basis is set forth).

10. Moreover, section 105 of the Bankruptcy Code provides, in relevant part, that "[t]he court may issue any order, process, or judgement that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

11. Finally, Bankruptcy Rule 6004(f)(1) authorizes a debtor to sell estate property of the estate outside of the ordinary course of business by private sale. *See* Bankruptcy Rule 6004(f)(1). *In re Schipper*, 933 F.2d 513, 515 (7th Cir. 1991) (private real estate sale by debtor approved when purchase price was the same as independent appraisal).

**I.     Selling the Properties Is a Reasonable Exercise of the Debtors' Sound Business Judgment and in the Best Interests of the Estates.**

12. Selling the Properties represents a reasonable exercise of the Debtors' business judgement and should be approved pursuant to sections 105(a) and 363(b) of the Bankruptcy Code as well as Bankruptcy Rule 6004(f).

13. Selling the Properties will generate significant liquidity and relax the capital structure currently burdening the Debtors as a result of the fraudulently-induced purchase of the Properties. Importantly, and as articulated both in the First Day Declaration and at the First Day Hearing, the Debtors would show that the streamlining of operations by shedding unprofitable or

otherwise lackluster locations will only facilitate a successful reorganization and eventual completion of these chapter 11 cases.

14. By generating over $2 million for the Debtors, this sale will provide needed liquidity and establish a clear path forward with regards to emergence. The Ledford Group (as defined in the Ledford Application to Employ) underwent a fulsome and involved sale process where they marketed in a plethora of digital platforms as well as obtained bids from a significant number of interested buyers. The Ledford Group also obtained sale offers from a variety of parties including parties and creditors involved in these chapter 11 cases. After an involved, thorough, and comprehensive sale process, the two (2) properties have received their final and best offers.

15. The Debtors have been in negotiations since the filing of these chapter 11 cases so as to facilitate a sale of certain real property which was unprofitable or otherwise not commonly operational. The two (2) properties are both being sold as commercial real estate as funeral operations have ceased due to the lacking numbers in existence at these locations. The properties are proposed to be sold as follows:

    a. 2415 North Ocoee Street, Cleveland, TN 37311: The property located at this address, also known as the "Fike" building, is proposed to be sold to the Bradley Medical Center LLC, a business operated under the Vitruvian health care conglomerate ("**Bradley**"). The Fike building is located on the campus adjacent to the Bradley Medical Center, and as such, the transaction was a picturesque fit.

        i. The Fike building is proposed to be sold for $1,600,000.00. Attached hereto as **Exhibit A** is a fair and accurate copy of the bound Commercial Purchase and Sale Agreement.

        ii. Bradley deposited the sum of $10,000.00 with the Ledford Group to be held as earnest money under the terms of the Commercial Purchase and Sale Agreement.

        iii. Bradley is responsible for all closing costs associated with the transaction. The Debtors are responsible for the following costs: preparation of Deed, fees and disbursements of Debtor's counsel, commissions and fees payable to the Ledford Group, and the quarterly fee owed to the U.S. Trustee under these bankruptcy cases.

    b. 3010 North Ocoee Street, Cleveland, TN 37312:  The property located at this address, also known as the "Serenity" building, is proposed to be sold to Clarke Taylor ("Taylor"), a local business owner.  The Serenity building is located on an adjacent tract to property owned by Clarke Taylor, and as such, the transaction was also an ideal fit.

      i. The Serenity building is proposed to be sold for $600,000.00.  Attached hereto as **Exhibit B** is a fair and accurate copy of the bound Commercial Purchase and Sale Agreement.

      ii. Taylor deposited the sum of $10,000.00 with Cleveland Abstract and Title to be held as earnest money under the terms of the Commercial Purchase and Sale Agreement.

      iii. Taylor is responsible for all closing costs associated with the transaction. The Debtors are responsible for the following costs:  preparation of Deed, fees and disbursements of Debtor's counsel, commissions and fees payable to the Ledford Group, and the quarterly fee owed to the U.S. Trustee under these bankruptcy cases.

**II. The Proposed Transaction Should Be Approved Free and Clear of Liens, Claims, and Encumbrances.**

 16. To obtain the highest and best sale price, the Properties should be sold free and clear of any and all liens, claims, interests, and other encumbrances, in accordance with section 363(f) of the Bankruptcy Code, with any such liens, claims, interests, and encumbrances to attach to the proceeds of the sale.  Section 363(f) of the Bankruptcy Code authorizes a debtor to sell assets free and clear of liens, claims, interests, and encumbrances if any one of the following conditions is satisfied: (a) applicable non-bankruptcy law permits sale of such property free and clear of such interest; (b) such entity consents; (c) such interest is a lien and the price at which property is to be sold is greater than the value of all liens on such property; (d) such interest is in bona fide dispute; or (e) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.  *See* 11 U.S.C. § 363(f).

 17. The sale of the Properties will satisfy section 363(f) of the Bankruptcy Code because any entities holding liens, claims, interests or encumbrances against the Properties has

received notice of the Sale. All parties in interest had sufficient opportunity to object to the relief requested and any such entity that did not object to the sale should be deemed to have consented. See *Futuresource LLC v. Reuters Ltd.*, 312 F.3d 281, 285-86 (7th Cir. 2002) ("It is true that the Bankruptcy Code limits the conditions under which an interest can be extinguished by a bankruptcy sale, but one of those conditions is the consent of the interest holder, and lack of objection (provided of course there is notice) counts as consent. It could not be otherwise; transaction costs would be prohibitive if everyone who might have an interest in the bankrupt's assets had to execute a formal consent before they could be sold.")

18. Moreover, a sale of the Properties free and clear may proceed pursuant to section 363(f) of the Bankruptcy Code because creditors with an interest in the sale assets can be compelled to accept money satisfaction of their claims pursuant to section 363(f)(5) of the Bankruptcy Code. See *Scherer v. Fed. Nat'l Mortgage Assoc. (In re Terrace Chalet Apartments, Ltd.)*, 159 B.R. 821, 829 (N.D. Ill. 1993) (holding that pursuant to section 363(f)(5) of the Bankruptcy Code courts may authorize sales free and clear of a secured creditor's lien if such creditor's interest could be crammed down pursuant to section 1129(b)(2) of the Bankruptcy Code). As such, section 363(f)(5) is satisfied and thus the Court may authorize the sale of the Properties.

19. Currently, only two (2) creditors hold liens or other interests against the Properties. The Bancorp Bank, National Association currently services the loan held by Homesteaders Life Company which has a senior secured lien against the Properties in the amount of at least $13,513,548.13 and Ralph/Shari Buckner currently hold a junior secured lien in a disputed amount of $5,072,333.00.[2]

---

[2] Importantly, Ralph/Shari Buckner did not file a Proof of Claim in these chapter 11 cases, and as such pursuant to Rule 3003(c)(2), they should not be treated as a creditor for that claim for voting and distribution.

20.     Considering the aforementioned analysis, the sale of the Properties can properly be facilitated free and clear of all liens, claims, interests, or encumbrances.

### III.    The Proposed Sale Has Been Negotiated in Good Faith and Without Collusion.

21.     The Debtors request that the Court find that the buyers are entitled to the benefits and protections provided by section 363(m) of the Bankruptcy Code in connection with the sale of the Properties. Section 363(m) of the Bankruptcy Code protects a good faith purchaser's interest in property purchased from a debtor notwithstanding that the sale conducted under section 363(b) is later reversed or modified on appeal. See 11 U.S.C. § 363(m).

22.     Section 363(m) provides, in pertinent part: [t]he reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal. *See* 11 U.S.C. § 363(m).

23.     The Debtors and both Bradley and Taylor have negotiated the sale of the properties without collusion, in good faith, and through extensive arm's-length negotiations. In fact, Bradley/Taylor and the Debtors have engaged separate counsel and/or other professional advisors to represent their respective interests in the negotiation of the transaction. To the best of the Debtors' knowledge, information, and belief, no party has engaged in any conduct that would cause or permit the deal to be set aside under section 363(m) of the Bankruptcy Code. Most importantly, however, the Debtors believe that the offers made by Bradley and Taylor represent the highest offers after a significant sales process undergone by the Ledford Group.

24.     As such, the Debtors would aver that Bradley and Taylor are "good faith purchasers" within the meaning of Bankruptcy Code section 363(m), and the deals in question

constitute good-faith agreements on arm's-length terms entitled to the protections of section 363(m).

### Waiver of Bankruptcy Rules 6004(a) and 6004(h)

25.     The Debtors request that the Court enter an order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a) and that cause exists to exclude such relief from the fourteen-day stay period under Bankruptcy Rule 6004(h).

### Motion Practice

26.     This Motion includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated and a discussion of their application to this Motion. Accordingly, the Debtors submit that this Motion satisfies Local Rule 9013-1(b).

### Notice

27.     The Debtors will provide notice of this Motion to the following parties or their respective counsel: (a) the U.S. Trustee; (b) the holders of the twenty (20) largest unsecured claims against the Debtors (on a consolidated basis); (c) the United States Attorney's Office for the Eastern District of Tennessee; (d) the Internal Revenue Service; (e) the offices of the attorneys general in the states in which the Debtors operate; and (f) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

### No Prior Request

28.     No prior request for the relief sought in this Motion has been made to this or any other court.

[*Remainder of page intentionally left blank*]

**WHEREFORE**, the Debtors respectfully request as follows:

1. That this Court enter the Order substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein; and

2. That this Court grant any other relief it deems just and proper given the circumstances.

Respectfully submitted,

*/s/     Roy Michael Roman*
Roy Michael Roman (TN BPR #042658)
**RMR Legal PLLC**
70 N. Ocoee Street
Cleveland, TN 37311
Telephone:    (423) 528-8484
Facsimile:    (423) 717-5564
E-mail:    roymichael@rmrlegal.com

*Counsel to the Debtors and Debtors in Possession*

## **CERTIFICATE OF SERVICE**

I hereby certify that I filed a copy of the foregoing pleading electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic system.

Nicholas B. Foster, Esq. (via ECF)
David Holesinger, Esq.
Historic U.S. Courthouse
31 E. Eleventh Street
Fourth Floor
Chattanooga, TN 37402
*U.S. Trustee*

All secured creditors and the top twenty (20) unsecured creditors (via ECF and Regular Mail)

This the 25th day of November, 2025.    /s/    *Roy Michael Roman*
                                                Roy Michael Roman

## Exhibit A

**Proposed Order**

# Exhibit B

**Purchase and Sale Agreement of Fike**

## Exhibit C

**Purchase and Sale Agreement of Serenity**