

**SO ORDERED.**
**SIGNED this 29th day of December, 2025**

**THIS ORDER HAS BEEN ENTERED ON THE DOCKET.**
**PLEASE SEE DOCKET FOR ENTRY DATE.**

Nicholas W. Whittenburg
**Nicholas W. Whittenburg**
**UNITED STATES BANKRUPTCY JUDGE**

_____

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF TENNESSEE**
**CHATTANOOGA DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | **Case No. 1:25-bk-11197-NWW** |
| **POOLE FUNERAL HOME** | ) | |
| **REAL ESTATE, LLC, *et al.*,** | ) | **Chapter 11** |
| | ) | |
| Debtor. | ) | **Jointly Administered** |
| | ) | |

**ORDER (I) AUTHORIZING THE SALE OF CERTAIN**
**TENNESSEE PROPERTIES AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "<u>Motion</u>")[1] of the above-captioned debtors and debtors in possession

(collectively, the "<u>Debtors</u>") for entry of an order (this "<u>Order</u>") (a) authorizing, but not directing,

---

[1]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

1

the Debtors to sell real property located at 2415 North Ocoee Street, Cleveland, TN 37311 and

3010 North Ocoee Street, Cleveland, TN 37312 and (b) granting related relief, all as more fully

set forth in the Motion; and upon the First Day Declaration; and upon the Cruger Declaration; and

this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and this

Court having the power to enter a final order consistent with Article III of the United States

Constitution; and this Court having found that venue of this proceeding and the Motion in this

district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the

relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and

other parties in interest; and this Court having found that the Debtors' notice of the Motion and

opportunity for a hearing on the Motion were appropriate under the circumstances and no other

notice need be provided; and this Court having reviewed the Motion and having heard the

statements in support of the relief requested therein at a hearing before this Court (the "Hearing");

and this Court having determined that the legal and factual bases set forth in the Motion and at the

Hearing establish just cause for the relief granted herein; and upon all of the proceedings had

before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY

ORDERED THAT:

1.      The Motion is granted as set forth herein.

2.      Pursuant to sections 105(a) and 363 of the Bankruptcy Code and

Bankruptcy Rule 6004, the Debtors are authorized, but not directed, in their reasonable business

judgment, to sell the Properties pursuant to the terms of the transaction laid out in the Motion.

3.      The Debtors have demonstrated sufficient basis to enter into the sale transaction

and sell the Properties for the proposed purchase prices, and such actions are appropriate exercises

of the Debtors' business judgment and in the best interests of the Debtors, their creditors, their

estates and other parties in interest. The real estate sale is fair and reasonable, and the proposed

purchase price constitutes reasonably equivalent value, fair consideration, and fair value for the

real property under the Bankruptcy Code and other similar laws.

4.    The sale transaction was negotiated, proposed, and entered into by the Debtors and

the buyers without collusion, in good faith, and from arm's-length bargaining positions. Neither

the Debtors nor the buyers have engaged in any conduct that would cause or permit the transaction

to be avoided, or costs or damages to be imposed, under section 363(n) of the Bankruptcy Code.

5.    The sale is undertaken by the buyers in good faith, as that term is articulated in

section 363(m) of the Bankruptcy Code, and as such, the reversal or modification of the

authorization provided herein to facilitate the sale shall not affect the validity of the transaction

unless that transaction is stayed. The buyers are buyers in good faith of the real property and are

entitled to all of the protections afforded by section 363(m) of the Bankruptcy Code.

6.    The sale prices for both Properties are the highest and best prices offered for the

real property after a fulsome sale process undergone by the Ledford Group.

7.    Considering the same, and pursuant to sections 105(a), 363(b), and 363(f) of the

Bankruptcy Code, the Properties shall be transferred to the buyers free and clear of any and all

liens, claims and interests of any kind or nature whatsoever, including any such rights or claims

based on any putative successor or transferee liability.

8.    This transfer of real property to the buyers is representative of a legal, valid, and

effective transfer of the real property. On the date of closing, this real property transfer shall vest

the buyers with all of the Debtors' rights, title, and interests in the Properties free and clear of all

liens, claims, and interests of any kind or nature whatsoever.

3

9.      None of the buyers or their associated parties or affiliates are successors to the Debtors or their estates by reason of any theory of law or equity, and none of the buyers shall assume or in any way be held liable for any obligations of the Debtors. The transfer of the Properties to the buyers shall not subject the buyers to any liability regarding the Debtors or the operation of the Debtors' businesses on any theory of liability.  This is inclusive of any fraudulent transfer-related liability or otherwise any other theory of liability.

10.      Upon closing of the sale, the proceeds, including reasonable costs, shall be distributed by the respective title companies for purposes of the sale.  The remaining proceeds, less the fees to the U.S. Trustee in the total amount of $17,600.00, consisting of (i) $4,800.00 for the sale of 3010 N. Ocoee Street, Cleveland, TN 37311 and (ii) $12,800.00 for the sale of 2415 N. Ocoee Street, Cleveland, TN 37311, shall be transmitted to senior secured lender, Bancorp.

11.      Bancorp, upon receipt of the funds, shall distribute $20,000.00 out of their proceeds to Ralph Buckner in care of Mr. Rob Norred, Esq., Logan-Thompson, P.C.  This $20,000.00 figure shall be credited to the total debt reduction of the Debtors to the senior secured lender.

12.      Nothing in this order precludes the purchasers from assigning the property, to the extent they wish to do so, to another party who would otherwise not be prohibited to purchase the property under applicable bankruptcy law.

13.      With regards to the sale of the Serenity property, and despite the fact that the purchase agreement provides for the use of a different title company, Century Title & Escrow, Inc. is authorized to close the sale of the property located at 3010 N. Ocoee Street, Cleveland, TN 37311.

14.     The Minor Firm, LLC is authorized to close the sale and pay the normal closing costs from the proceeds of sale for property located at 2415 N. Ocoee Street, Cleveland, TN 37311. Additionally, The Minor Firm, LLC is authorized to pay the listing agent, The Ledford Group c/o Keller Williams Realty Greater Downtown, a real estate commission of $80,000.00 as final compensation for the services rendered in this matter.  The Court finds this fee to be reasonable pursuant to 11 U.S.C.§ 330.  Attached hereto as **Exhibit A** is a fair and accurate legal description of the property to be sold.  Attached hereto as **Exhibit A-1** are a fair and accurate representation of the current outstanding recorded liens against the property.

15.     Century Title & Escrow, Inc., is authorized to close the sale and pay the normal closing costs from the proceeds of sale for property located at 3010 N. Ocoee Street, Cleveland, TN 37311.  Additionally, Century Title & Escrow, Inc. is authorized to pay the listing agent, The Ledford Group c/o Keller Williams Realty Greater Downtown, a real estate commission of $30,000.00 as final compensation for the services rendered in this matter.  The Court finds this fee to be reasonable pursuant to 11 U.S.C.§ 330.  Attached hereto as **Exhibit B** is a fair and accurate legal description of the property to be sold.  Attached hereto as **Exhibit B-1** are a fair and accurate representation of the current outstanding recorded liens against the property.

16.     Considering Mr. Brian Poole is the sole signatory for the Debtors, Mr. Poole, as managing member, is authorized to execute all necessary documents to effectuate the sale set forth in this Order.  No other signature of any other person is required for the Debtor to pass fee simple absolute title to the purchasers in accordance with the terms of this Order.

17.     This Motion and the notice of the same satisfies the requirements of Rule 6004(a) of the Bankruptcy Rules.  Moreover, the terms of this Order shall be deemed effective and enforceable immediately upon entry.

18.     Pursuant to Fed. R. Bankr. P. 7062 and 9014, the terms and conditions of this Order shall be effective immediately and shall not be subject to the stay provisions contained in Fed. R. Bankr. P. 6004(h) and 6006(d).  Time is of the essence with regards to this sale.

19.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

20.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of any applicable Bankruptcy Rules and the Local Rules are satisfied by such notice.

21.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

###

Approved for entry:

**RMR Legal PLLC**

By: */s/ Roy Michael Roman*_____
        Roy Michael Roman (TN BPR #042658)
**RMR Legal PLLC**
70 N. Ocoee Street
Cleveland, TN 37311
Telephone:     (423) 528-8484
Facsimile:     (423) 717-5564
E-mail:        roymichael@rmrlegal.com

*Counsel to the Debtors and Debtors-in-Possession*

**BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC**

By:    _/s/ Justin Sveadas (by permission)_
       Justin Sveadas (TN BPR #022305)
       633 Chestnut Street, Suite 1900
       Chattanooga, TN 37405-1800
       (423) 209-4184 (phone)
       (423) 752-9589 (fax)
       jsveadas@bakerdonelson.com (e-mail)

*Attorney for The Bancorp Bank, National Association*


By:    _/s/ Robert G. Norred, Jr. (by permission)_
       Robert G. Norred, Jr. (BPR #012740)
       PO Box 191
       Cleveland, TN 37364-0191
       (423) 476-2251
       rnorred@loganthompsonlaw.com

*Attorney for Ralph and Chari Buckner*

Consented to by:

**OFFICE OF THE UNITED STATES TRUSTEE**

By:    _/s/ David Holesinger_
       David Holesinger (TN BPR #030189)
       Historic U. S. Courthouse
       31 East 11th Street, 4th Floor
       Chattanooga, TN 37402
       (423) 752-5156 (phone)
       david.holesinger@usdoj.gov (email)

*Attorney for the U.S. Trustee*

## Exhibit A

**Legal Description**

# EXHIBIT A

The Land is described as follows:

All that tract or parcel of land lying and being in the City of Cleveland, in the Fourth Civil District of Bradley County, Tennessee, and being Lot No. 2 of the Ralph Buckner Property as shown by Plat of record in Plat Book 40 Page 105, in the Register's Office of Bradley County, Tennessee, and being more particularly described as follows:

BEGINNING at an iron pin found on the north line of North Ocoee Street, said point being the northeast corner of the herein described property and the southeast corner of the now or formerly owned by Valerie Holstein Living Trust, at Tennessee State Grid coordinates N 309434.58 and E 2307536.31; thence along the north line of said North Ocoee Street on a bearing of south 53 degrees 15 minutes 24 seconds west 253.57 feet to a point at the intersection of the north line of said North Ocoee Street and the east line of Ben Drive, said point being the southeast comer of the herein described property; thence along the east line of said Ben Drive on a bearing of north 59 degrees 58 minutes 36 seconds west 251.92 feet to an iron pin found, said point being the southwest corner of the herein described property now or formerly owned by East Tennessee Funeral Associates LLC, Lot No. 1, Ralph Buckner Property, as shown by Plat of record in Plat Book 40 Page 105; thence leaving said Drive and along the south line of said property now or formerly owned by East Tennessee Funeral Associates, LLC, on a bearing of north 26 degrees 01 minutes 04 seconds east 255.93 feet to an iron pin found, said point being the northeast corner of said property now or formerly owned by East Tennessee Funeral Home Associates, LLC and the northwest comer of the herein described property on the south line of property now or formerly owned by A Pattern Holdings, LLC; thence along the south line of property now or formerly owned by A Pattern Holdings, LLC, and continuing along property now or formerly owned by the Valerie Holstein Living Trust on a bearing of south 56 degrees 3l minutes 36 seconds east, 370.50 feet to the POINT OF BEGINNING, containing 1.75 acres, more or less; all as shown on survey Richmond Surveying Co., Jimmy L. Richmond, Tennessee Registered Land Surveyor No. 917, dated August 10, 2023.

For prior title seed Deed Book 3021 Page 402, in the Register's Office of Bradley County, Tennessee.

SUBJECT TO THE TERMS OF AND TOGEHER WITH the easements described in that certain Non-exclusive Perpetual Join Use Driveway Agreement dated November 5, 2023, and recorded in Deed Book 3021 Page 410, in the Register's Office of Bradley County, Tennessee.

## **Exhibit A-1**

**Liens**

1.      Deed of Trust, Assignment of Leases, Security Agreement and Fixture Filing from Poole Funeral Home Holdings Tennessee, Inc., a Tennessee Corporation to David B. Gray, trustee, for the benefit of The Bancorp Bank, National Association, beneficiary, as Trustee for The Bancorp Bank, National Association, dated September 5, 2023, in the original principal amount of $12,971,000.00 and recorded in Book 3021 Page 412, Bradley County, Tennessee Land Records.

2.      Assignment of Rentals and Leases to David B. Gray, trustee, for the benefit of The Bancorp Bank, National Association, beneficiary, as Trustee for The Bancorp Bank, National Association, dated September 5, 2023, recorded in Deed Book 3021 Page 427, Bradley County, Tennessee Land Records.

3.      Deed of Trust from Poole Funeral Home Holdings Tennessee, Inc., a Tennessee Corporation and Brian Keith Poole and wife, Amy Elizabeth Poole and Laurenbrook Management, Inc., a Georgia Corporation to Professional Title Services, Inc., trustee, for the benefit of Ralph Buckner and wife, Chari Buckner, as Trustee for Professional Title Services, Inc., trustee, for the benefit of Ralph Buckner and wife, Chari Buckner, dated September 5, 2023, in the original principal amount of $5,072,333.00 and recorded in Book 3021 Page 435, Bradley County, Tennessee Land Records.

4.      Deed of Trust from Poole Funeral Home Holdings Tennessee, Inc., a Tennessee Corporation to Professional Title Services, Inc., trustee, for the benefit of Ralph Buckner and wife, Chari Buckner, as Trustee for Professional Title Services, Inc., trustee, for the benefit of Ralph Buckner and wife, Chari Buckner, dated September 5, 2023, in the original principal amount of $250,000.00 and recorded in Book 3021 Page 444, Bradley County, Tennessee Land Records.

## **Exhibit B**

**Legal Description**

# EXHIBIT "A"
## Property Description

A CERTAIN TRACT OR PARCEL OF LAND IN BRADLEY COUNTY, STATE OF
TENNESSEE, DESCRIBED AS FOLLOWS, TO-WIT: Property in the City of Cleveland,
Fourth Civil District of Bradley County, Tennessee, at the intersection of the South line of North
Ocoee Street (North Lee Highway) with the East line of 30th Street, NE, and more particularly
described as follows: BEGINNING at a spike set at the intersection of the South line of North
Ocoee Street with the East line of 30th Street, NE, said point being the Northwest corner of the
herein described property, at Tennessee State Grid Coordinates N 310794.60 and E 2309010.00,
thence along the South line of said North Ocoee Street on a bearing of North 42 degrees 30
minutes 53 seconds East, 254.50 feet to an iron pin at the Southwest corner of property of Ocoee
North, LLC (Bk 2446-Pg. 282, in the Register's Office of Bradley County, Tennessee), said
point being the Northwest corner of the herein described property; thence leaving said North
Ocoee Street and along the South line of property of Ocoee North, LLC, on a bearing of South
52 degrees 10 minutes 34 seconds East, 158.30 feet to an iron pin found in the West line of
property of Thomas Clarke Taylor (Bk 2536-Pg.408, PB39, pg 54); said point being the
Southeast corner of property of Ocoee North, LLC, and the Northeast corner of the herein
described property; thence along the West line of property of Thomas Clark Taylor on a bearing
of South 37 degrees 31 minutes 47 seconds West, 125.95 feet to an iron pin found; said point
being the Southwest corner of the aforementioned property of Taylor and the Northwest corner
of property of Thomas Clark Taylor and Robert Dee Burris (Book 2976-Pg. 772); thence along
the West line of the aforementioned property of Taylor and Burris on a bearing of South 36
degrees 36 minutes 28 seconds West, 136.12 feet to a painted mag nail set in the North line of
30th Street, NE, said point being the Southwest corner of property of Taylor and Burris and the
Southeast corner of the herein described property; thence along the North line of said 30th Street
on a bearing of North 61 degrees 54 minutes 50 seconds West, 17.20 feet to a point and on a
bearing of North 48 degrees 16 minutes 32 seconds West, 166.08 feet to the Point of Beginning,
containing 1.01 acres, more or less. All as shown on survey by Richmond Surveying Co., Jimmy
L. Richmond, TRLS #917, dated August 12, 2023.

BEING a portion of that same property conveyed to Poole Funeral Home Holdings Tennessee, a
Tennessee Corporation, by Deed from JKS Funeral Services, LLC, a Tennessee Limited
Liability Company, dated Seotember 5, 2023 and recorded in Book 3021, page 404, ROBCT.

Subject to all easements, maters of record, and notes as set out and shown on the survey of
Jimmy L. Richmond dated August 12, 2023.

Subject to any governmental zoning and subdivision ordinances or regulations in effect thereon.

## **Exhibit B-1**

### **Liens**

# Exhibit "A-1"

Deed of Trust from Poole Funeral Home Holdings Tennessee, Inc., a Tennessee Corporation to David B. Gray as Trustee for the benefit of The Bancorp Bank National Association in original principal amount of $12,971,000.00, dated September 5, 2023, and recorded September 8, 2023, in Book 3021, page 412, in the Register's Office of Bradley County, Tennessee.

Assignment of Rentals and Leases from Poole Funeral Home Holdings Tennessee, Inc., a Tennessee Corporation to The Bancorp Bank National Association, recorded September 8, 2023, in Book 3021, page 427, in the Register's Office of Bradley County, Tennessee.

Deed of Trust from Poole Funeral Home Holdings Tennessee, Inc., a Tennessee Corporation and Brian Keith Poole and wife, Amy Elizabeth Poole and Laurenbrook Management, Inc., a Georgia Corporation to Professional Title Services, Inc., as Trustee for the benefit of Ralph Buckner and wife, Chari Buckner in original principal amount of $5,072,333.00, dated September 5, 2023, and recorded September 8, 2023, in Book 3021, page 435, in the Register's Office of Bradley County, Tennessee.

Deed of Trust from Poole Funeral Home Holdings Tennessee, Inc., a Tennessee Corporation and Brian Keith Poole and wife, Amy Elizabeth Poole and Laurenbrook Management, Inc., a Georgia Corporation to Professional Title Services, Inc., as Trustee for the benefit of Ralph Buckner and wife, Chari Buckner in original principal amount of $250,000.00, dated September 5, 2023, and recorded September 8, 2023, in Book 3021, page 444, in the Register's Office of Bradley County, Tennessee.

2025 Bradley County property taxes ARE DUE in the amount of $3,420.00;
2025 City of Cleveland property taxes and Water Quality Fees ARE DUE in the amount of $4,355.00.

2024 Bradley County property taxes ARE DELINQUENT in the amount of $4,193.00, subject to any additional interest and penalties accrued by the time of closing.
2024 City of Cleveland property taxes ARE DELINQUENT in the amount of $4,989.85, subject to any additional interest and penalties accrued by the time of closing.