**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF TENNESSEE**
**CHATTANOOGA DIVISION**

| | |
|---|---|
| In re: ) | |
| ) | Case No. 1:25-bk-11197-NWW |
| **POOLE FUNERAL HOME** ) | |
| **REAL ESTATE, LLC,** *et al.*, ) | Chapter 11 |
| ) | |
| Debtor. ) | Jointly Administered |
| ) | |

**DEBTORS' MOTION**
**SEEKING ENTRY OF AN ORDER (I) AUTHORIZING THE SALE OF**
**SUBSTANTIALLY ALL ASSETS AND (II) GRANTING RELATED RELIEF**

---

**NOTICE OF HEARING**

**Notice is hereby given that:**

**A hearing will be held on the Debtors' Motion Seeking Entry of an Order (I) Authorizing the Sale of Substantially All Assets and (II) Granting Related Relief, on April 2, 2026, at 9:00 a.m. (prevailing Eastern Time) located at Courtroom A, United States Bankruptcy Court, 31 E 11th Street, Chattanooga, Tennessee 37402.**

<u>**Your rights may be affected.**</u>  **You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.**

**If you do not want the court to grant the relief requested, you or your attorney must attend this hearing. If you do not attend the hearing, the court may decide that you do not oppose the relief sought in the Application and may enter an order granting that relief.**

---

The above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") respectfully state as follows in support of this motion (the "<u>Motion</u>").

**Relief Requested**

1. The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), authorizing, but not directing, the Debtors to (a) sell substantially all assets of the Debtors (the "Assets") free and clear of any liens or encumbrances and (b) granting related relief.

**Jurisdiction and Venue**

2. The United States Bankruptcy Court for the Eastern District of Tennessee (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The Debtors confirm their consent to the Court entering a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory bases for the relief requested herein are sections 105(a) and 363 of title 11 of the United States Code (the "Bankruptcy Code"), rules 2002, 6004, 9006, and 9007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 6004-1 and 9013-1(b) of the Local Rules of the United States Bankruptcy Court for the Eastern District of Tennessee (the "Local Rules").

**Background**

5. The Poole funeral home brand ("Poole") is one of the larger and more sophisticated funeral home brands in the Southeast. Poole provides funeral services to clients across the states of Tennessee and Georgia. The Poole brand was founded by Brian Poole, a successful entrepreneur who created a household-name brand in the State of Georgia prior to moving to Tennessee. While

the brand thrived in Georgia, Poole fell prey to fraud and deceptive acts after a sale process for various locations in Southeast Tennessee. As such, a chapter 11 filing was necessitated.

6. On May 12, 2025 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. A detailed description of the facts and circumstances of these chapter 11 cases is set forth in the *Declaration of Brian Poole, Chief Executive Officer of Poole Funeral Home Real Estate, LLC, in Support of Chapter 11 Petitions and First Day Motions* (the "Poole Declaration"), filed contemporaneously with this Motion and incorporated by reference herein.[1] As described in more detail in the Poole Declaration, the Debtors commenced these chapter 11 cases to provide the Debtors an opportunity to stabilize their business and consummate a comprehensive restructuring transaction that maximizes value and facilitates go-forward business success.

7. The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On May 19, 2025, the Court entered an order procedurally consolidating the Debtors' five (5) chapter 11 cases. [Docket No. 59]. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases and no official committees have been appointed or designated.

8. On January 22, 2026, the Debtors filed their joint chapter 11 plan of liquidation [Docket No. 136] and joint disclosure statement [Docket No. 137]. On February 25, 2026, the Debtors filed its first amended joint disclosure statement [Docket No. 155]. On February 26, 2026, the Court entered an order approving the first amended joint disclosure statement [Docket No. 155].

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Poole Declaration.

**Basis for Relief**

9. Section 363(b)(1) of the Bankruptcy Code allows a debtor "after notice and a hearing may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Many courts in this jurisdiction look to the "business judgment" standard when analyzing a debtor's sale or use of assets outside of the ordinary course of business. Specifically, courts look to whether a debtor can demonstrate a sound business justification for the transaction in question. *See, e.g.*, *In re Eagle Picher Holdings, Inc.*, 2005 WL 4030132 (Bankr. S.D. Ohio 2005); *In re Lionel Corp.*, 722 F.2d 1063, 1071 (2nd Cir. 1983).

10. Important to courts is the debtor's good business reason for facilitating such a sale. *Stephens Industries, Inc. v. McClung*, 789 F.2d 386 (6th Cir. 1986). The business judgment rule also protects a debtor, once its business decision is made, from being targeted or otherwise "second-guessed". *In re Johns-Manville Corp.*, 60 B.R. 612, 615–16 (Bankr. S.D.N.Y. 1986) (noting a "presumption of reasonableness attaches to a debtor's management decisions" and courts will generally not entertain objections to a debtor's conduct after a reasonable basis is set forth).

11. Moreover, section 105 of the Bankruptcy Code provides, in relevant part, that "[t]he court may issue any order, process, or judgement that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

12. Finally, Bankruptcy Rule 6004(f)(1) authorizes a debtor to sell estate property of the estate outside of the ordinary course of business by private sale. *See* Bankruptcy Rule 6004(f)(1). *In re Schipper*, 933 F.2d 513, 515 (7th Cir. 1991) (private real estate sale by debtor approved when purchase price was the same as independent appraisal).

I. **Selling the Assets Is a Reasonable Exercise of the Debtors' Sound Business Judgment and in the Best Interests of the Estates.**

13. Selling the Assets represents a reasonable exercise of the Debtors' business judgement and should be approved pursuant to sections 105(a) and 363(b) of the Bankruptcy Code as well as Bankruptcy Rule 6004(f).

14. Selling the Assets will generate immense capital to be distributed to the Debtors' creditors—primarily the senior secured lender. While the Debtors attempted for many months to establish a value-maximizing reorganization plan which would allow the current ownership to maintain involvement with the Debtors' businesses, the Debtors ultimately decided that a maximizing sale process would resolve the issues caused by the fraud the Debtors' CEO fell prey to during the purchase of the Tennessee businesses.

15. By generating over $7 million for the Debtors, this sale will provide needed clarity and establish a straightforward pathway to completion and resolution of these chapter 11 cases. The Foresight Companies underwent a fulsome and involved sale process where they marketed to multiple parties and obtained bids from a significant number of interested buyers. The Foresight Companies engaged in due diligence with many interested buyers, spent countless hours facilitating deal-making to generate the highest and best prices for the Debtors' businesses, and ultimately selected the highest and best bidders. The Foresight Companies obtained sale offers from a variety of parties including parties and creditors involved in these chapter 11 cases—ultimately, non-parties to these chapter 11 cases submitted the best, highest, and most value-maximizing bids. After an involved, thorough, and comprehensive sale process, both the Tennessee and Georgia businesses have received their final and best offers.

16. The Debtors, by way of their advisors, have engaged in considerable market checking—as The Foresight Companies typically does in facilitating funeral home sale

transactions. This process included reviewing comparable sales of similarly situated funeral homes and relied on The Foresight Companies' combined decades of experience in fundamentally understanding the funeral home market. The businesses are proposed to be sold as follows:

    a.    **Tennessee**: The businesses located under this umbrella, which include all Tennessee funeral home operations aside from the McMinn County location which is still being sold as commercial real estate, is proposed to be sold to the Cleveland FH Investors, a local funeral home brand with considerable ties to the community ("Cleveland Ventures"). The Cleveland Ventures team has direct knowledge of the community and their goals for expansion in Bradley County, and as such, the transaction was a picturesque fit. Cleveland Ventures put forth the highest, best, and qualified bid.

        i.    The Tennessee businesses are proposed to be sold for $2,300,000.00. Attached hereto as **Exhibit A** is a fair and accurate copy of the final Asset Purchase Agreement.

        ii.    The Debtors are responsible, by way of the sale proceeds, for the following costs: commissions and fees payable to The Foresight Companies and the quarterly fee or other associated fees owed to the U.S. Trustee under these bankruptcy cases.

    b.    **Georgia**: The businesses located under this umbrella, which include all Georgia funeral home operations, are proposed to be sold to SCI Georgia Funeral Services, LLC, a company associated with the nationwide funeral home conglomerate SCI with considerable ties in the industry ("SCI"). The Georgia businesses hold unique business models with a focus on specific populations, and as such, the transaction with a team familiar with the space was an ideal fit.

        i.    The Georgia businesses are proposed to be sold for $5,550,000.00. Attached hereto as **Exhibit B** is a fair and accurate copy of the final Asset Purchase Agreement.

        ii.    The Debtors are responsible, by way of the sale proceeds, for the following costs: commissions and fees payable to The Foresight Companies and the quarterly fee or other associated fees owed to the U.S. Trustee under these bankruptcy cases.

**II.**    **The Proposed Transaction Should Be Approved Free and Clear of Liens, Claims, and Encumbrances.**

17.    To obtain the highest and best sale price, the Assets should be sold free and clear of any and all liens, claims, interests, and other encumbrances, in accordance with section 363(f) of the Bankruptcy Code, with any such liens, claims, interests, and encumbrances to attach to the proceeds of the sale. Section 363(f) of the Bankruptcy Code authorizes a debtor to sell assets free

and clear of liens, claims, interests, and encumbrances if any one of the following conditions is satisfied: (a) applicable non-bankruptcy law permits sale of such property free and clear of such interest; (b) such entity consents; (c) such interest is a lien and the price at which property is to be sold is greater than the value of all liens on such property; (d) such interest is in bona fide dispute; or (e) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest. *See* 11 U.S.C. § 363(f).

18. The sale of the Assets will satisfy section 363(f) of the Bankruptcy Code because any entities holding liens, claims, interests or encumbrances against the Assets has received notice of the Sale. All parties in interest had sufficient opportunity to object to the relief requested and any such entity that did not object to the sale should be deemed to have consented. See *Futuresource LLC v. Reuters Ltd.*, 312 F.3d 281, 285-86 (7th Cir. 2002) ("It is true that the Bankruptcy Code limits the conditions under which an interest can be extinguished by a bankruptcy sale, but one of those conditions is the consent of the interest holder, and lack of objection (provided of course there is notice) counts as consent. It could not be otherwise; transaction costs would be prohibitive if everyone who might have an interest in the bankrupt's assets had to execute a formal consent before they could be sold.")

19. Moreover, a sale of the Assets free and clear may proceed pursuant to section 363(f) of the Bankruptcy Code because creditors with an interest in the sale assets can be compelled to accept money satisfaction of their claims pursuant to section 363(f)(5) of the Bankruptcy Code. See *Scherer v. Fed. Nat'l Mortgage Assoc. (In re Terrace Chalet Apartments, Ltd.)*, 159 B.R. 821, 829 (N.D. Ill. 1993) (holding that pursuant to section 363(f)(5) of the Bankruptcy Code courts may authorize sales free and clear of a secured creditor's lien if such creditor's interest could be

crammed down pursuant to section 1129(b)(2) of the Bankruptcy Code). As such, section 363(f)(5) is satisfied and thus the Court may authorize the sale of the Assets.

20. No creditors of the Debtors were able to put forth a bid high enough to be selected as the highest and best bid. As such, the Debtors opted to expand into the third-party market so as to finalize these transactions.

21. Currently, a handful of creditors hold liens or other interests against the Assets. The Bancorp Bank, National Association currently services the loan held by Homesteaders Life Company which has a senior secured lien against all Assets in the amount of at least $13,513,548.13, and Ralph/Shari Buckner currently hold a junior secured lien in a disputed amount of $5,072,333.00 against the Tennessee Assets.[2]

22. The U.S. Small Business Administration holds a junior secured lien in an amount of $500,000.00 on certain of the Georgia Assets. Casteel Construction Company holds a junior secured lien in an amount of $418,671.22 on certain of the Georgia Assets.

23. Considering the aforementioned analysis, the sale of the Assets can properly be facilitated free and clear of all liens, claims, interests, or encumbrances. This is especially the case considering any junior lenders could be compelled to accept money satisfaction of their claims.

**III.  The Proposed Sale Has Been Negotiated in Good Faith and Without Collusion.**

24. The Debtors request that the Court find that the buyers are entitled to the benefits and protections provided by section 363(m) of the Bankruptcy Code in connection with the sale of the Assets. Section 363(m) of the Bankruptcy Code protects a good faith purchaser's interest in property purchased from a debtor notwithstanding that the sale conducted under section 363(b) is later reversed or modified on appeal. *See* 11 U.S.C. § 363(m).

---

[2] The Debtors have objected to this Claim pursuant to Rule 3003(c)(2) and would assert that they should not be treated as a creditor for that Claim for voting and distribution.

25. Section 363(m) provides, in pertinent part: [t]he reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal. *See* 11 U.S.C. § 363(m).

26. The Debtors, The Foresight Companies, and all of the Debtors' advisors have negotiated the sale of the Assets without collusion, in good faith, and through extensive arm's-length negotiations. In fact, both the buyers in question as well as proposed bidders, including current creditors in these cases, have engaged separate counsel and/or other professional advisors to represent their respective interests in the negotiation of the transaction. To the best of the Debtors' knowledge, information, and belief, no party has engaged in any conduct that would cause or permit the deal to be set aside under section 363(m) of the Bankruptcy Code. Most importantly, however, the Debtors believe that the offers made by SCI and Cleveland Ventures represent the highest offers after a significant sales process undergone by The Foresight Companies. The sale process has lasted nearly five (5) months with incredible amounts of diligence, research, analysis, and negotiations having been undertaken by The Foresight Companies.

27. To be clear, certain creditors in these chapter 11 cases attempted to make offers on the Assets. However, these offers were never feasible, did not include proof of funds, or otherwise were not qualified for purposes of a value-maximizing sale analysis. As such, the Debtors underwent significant negotiations with real, qualified bidders in these cases. To be clear, the Debtors exhausted considerable resources, and the buyers exhausted the same, in negotiating these agreements.

28. As such, the Debtors would aver that SCI and Cleveland Ventures are "good faith purchasers" within the meaning of Bankruptcy Code section 363(m), and the deals in question constitute good faith agreements on arm's-length terms entitled to the protections of section 363(m).

### Waiver of Bankruptcy Rules 6004(a) and 6004(h)

29. The Debtors request that the Court enter an order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a) and that cause exists to exclude such relief from the fourteen-day stay period under Bankruptcy Rule 6004(h).

### Motion Practice

30. This Motion includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated and a discussion of their application to this Motion. Accordingly, the Debtors submit that this Motion satisfies Local Rule 9013-1(b).

### Notice

31. The Debtors will provide notice of this Motion to the following parties or their respective counsel: (a) the U.S. Trustee; (b) all creditors per the attached matrices; (c) the United States Attorney's Office for the Eastern District of Tennessee; (d) the Internal Revenue Service; (e) the offices of the attorneys general in the states in which the Debtors operate; and (f) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

### No Prior Request

32. No prior request for the relief sought in this Motion has been made to this or any other court.

**WHEREFORE**, the Debtors respectfully request as follows:

1. That this Court enter the Order substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein; and

2. That this Court grant any other relief it deems just and proper given the circumstances.

    Respectfully submitted,

*/s/    Roy Michael Roman*
Roy Michael Roman (TN BPR #042658)
**RMR Legal PLLC**
70 N. Ocoee Street
Cleveland, TN 37311
Telephone:     (423) 528-8484
Facsimile:     (423) 717-5564
E-mail:        roymichael@rmrlegal.com

*Counsel to the Debtors and Debtors in Possession*

## **CERTIFICATE OF SERVICE**

I hereby certify that I filed a copy of the foregoing pleading electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic system.

    Nicholas B. Foster, Esq. (via ECF)
    David Holesinger, Esq.
    Historic U.S. Courthouse
    31 E. Eleventh Street
    Fourth Floor
    Chattanooga, TN 37402
    *U.S. Trustee*

    All creditors per the attached matrices (via ECF and Regular Mail)

This the 11th day of March, 2026.                        */s/    Roy Michael Roman*
                                                                      Roy Michael Roman

## Exhibit A

**Proposed Order**

# **Exhibit B**

**Asset Purchase Agreement of Tennessee Businesses**

## Exhibit C

**Asset Purchase Agreement of Georgia Businesses**