**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF TENNESSEE**
**CHATTANOOGA DIVISION**

IN RE:

POOLE FUNERAL HOME
REAL ESTATE, LLC, ET AL.

DEBTOR

CHAPTER 11

CASE NO. 1:25-BK-11197-NWW

**LIMITED OBJECTION TO MOTION TO SELL SUBSTANTIALLY
ALL ASSETS SALE FREE AND CLEAR OF LIENS**

Now comes The Huntington National Bank ("Huntington"), by and through counsel, and objects to the Debtor's Motion to Approve Sale Free and Clear of Liens Under 11 U.S.C. § 363(f) (the "Motion"). In support of this Limited Objection, Huntington shows unto the Court as follows:

1.      This matter is a core proceeding pursuant to 28 U.S.C. § 157 and the Court has jurisdiction pursuant to 28 U.S.C. §§ 151, 157, and 1334. The Court has the authority to hear this matter pursuant to the General Order of Reference entered by the United States District Court for the District of New Jersey.

2.      Each of the Debtors filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code on May 12, 2025 (the "Petition Date").

3.      On or about October 26, 2020 the Debtor entered into an Equipment Lease (the "Agreement 303") by which Huntington agreed to finance the lease of one (1) 2020 Lincoln Majestic Hearse, VIN 1LN6L9UK8L5601774 (the "2020 Lincoln").

4.      Huntington filed a proof of claim reflecting the indebtedness under Agreement 303 as proof of claim no. 11-1 on the claims register for the jointly administered Laurenbrook Management, Inc. case, Case No. 1:25-bk-11199 (the "Laurenbrook Management Case").

WBD (US) 4938-3449-8200v4

5.     On or about February 22, 2023 the Debtor entered into an Equipment Lease ("Agreement 306") by which Huntington agreed to finance the lease of one (1) 2022 Mercedes-Benz Metris Van, VIN W1YV0CEY2N3976059 (the "2022 Mercedes").

6.     Huntington filed a proof of claim reflecting the indebtedness under Agreement 306 as proof of claim no. 12-1 on the Laurenbrook Management Case claims register.

7.     On or about November 15, 2023, the Debtor entered into an Equipment Finance Agreement by which Huntington loaned Debtor the sum of $55,885.00 ("Agreement 503") for the purchase of one (1) 2024 Honda Odyssey, VIN 5FNRL6H66RB007835 (the "2024 Honda" and together with the 2020 Lincoln and the 2022 Mercedes, the "Vehicles").

8.     Huntington filed a proof of claim reflecting the indebtedness under Agreement 503 as proof of claim no. 15-1 on the Laurenbrook Management Case claims register.

9.     On March 11, 2026, Debtor filed the Motion.

10.     The Motion seeks the entry of an order authorizing the private sale (the "Sale") of substantially all assets of the Debtors to Cleveland FH Investors and SCI Georgia Funeral Services, LLC (the "Buyers"). *See* Mot. ¶ 16.

## LIMITED OBJECTION

11.     Huntington does not object to the Motion generally. However, Huntington objects to the Motion to the extent it purports to sell the Vehicles to the Buyers or anyone else, free and clear of liens.

12.     It is unclear from the Motion and the annexed Asset Purchase Agreements whether the 2024 Honda is intended to be part of the Sale.

13.     While the Chapter 11 Plan of Reorganization provides "all executory contracts and unexpired leases of the Debtor entered into prior to the Petition Date that have not previously

been assumed or rejected, or have not been assumed and assigned to Buyer, shall be deemed rejected" there is no explicit listing of those executory contracts and leases to be rejected. As such, it is likewise unclear whether the 2020 Lincoln and the 2022 Mercedes are intended to be part of the Sale.

14.     Efforts to get clarification from the Debtors on whether the 2020 Lincoln and 2022 Mercedes leases are being rejected have been unsuccessful.

15.     In order to establish the elements necessary for a sale under 11 U.S.C. § 363(b), the Debtor must also satisfy one of the conditions under 11 U.S.C. § 363(f), which provides, in pertinent part,

> [The Debtor] may sell property under subsection (b) . . .of this section free and clear of any interest in such property of an entity other than estate, only if –
>
> 1) applicable non-bankruptcy law permits sale of such property free and clear of such interest;
> 2) such entity consents;
> 3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
> 4) such interest is in bona fide dispute; or
> 5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

16.     With respect to the first condition in section 363(f)(1), the Debtors fail to identify and assert any applicable non-bankruptcy law that permits the sale of the Vehicles free and clear of Huntington's liens.

17.     With respect to the second condition in section 363(f)(2), Huntington has not consented to the sale of the Vehicles.

18.     Regarding the third condition in section 363(f)(3), Debtors have not established that the price at which the property is to be sold is greater than the aggregate value of all liens on such property, let alone Huntington's lien.  Unless the portion of the purchase price for Debtors'

assets that is allocated to Huntington is at least equal to the value of the Huntington's liens, Debtors cannot satisfy section 363(f)(3).

19. Regarding section 363(f)(4), Huntington's liens are not in bona fide dispute.

20. With respect to the fifth condition under section 363(f)(5), this condition is not satisfied because Debtors have not proposed to pay enough to satisfy Huntington's liens in full. *See In re Kellstrom Industries, Inc.*, 282 B.R. 787, 794 (Bankr. D. Del. 2002) (while approving debtor's sale of certain goods free and clear of a creditor's reclamation rights under 11 U.S.C. § 363(f)(5), the court conditioned such approval on adequate protection to the creditor in the form of payment in full in cash).

21. Accordingly, in order for Debtor to sell the Vehicles free and clear of Huntington's liens, Huntington must consent to the sale or the Debtor must pay Huntington the value of its liens from the proceeds.

22. There is no indication from the Motion that Debtor contemplates remitting *any* proceeds from the sale to Huntington.

23. For the foregoing reason, Huntington objects to the Motion. Huntington respectfully requests the Court deny the Motion unless Huntington is paid at minimum the value of its liens on the Vehicles.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

Dated:  March 24, 2026      WOMBLE BOND DICKINSON (US) LLP

By:    /s/Morgan L. Burkett
        Morgan L. Burkett, No. 039436
        1222 Demonbreun Street, Suite 1201
        Nashville, Tennessee 37203
        Phone: (629) 312-1819
        Fax: (202) 261-0044
        morgan.burkett@wbd-us.com

*Attorneys for The Huntington National Bank*

WBD (US) 4938-3449-8200v4

## <u>CERTIFICATE OF SERVICE</u>

I, the undersigned, of Womble Bond Dickinson (US) LLP, hereby certify:

That I am, and at all times hereinafter mentioned was, more than eighteen (18) years of age;

That on this day, I served a copy of the foregoing Objection to Motion to Approve Sale Free and Clear of Liens Under 11 U.S.C. § 363 on:

> David Holesinger, Esq.
> Historic U.S. Courthouse
> 31 E. Eleventh Street
> Fourth Floor
> Chattanooga, TN 37402
> U.S. Trustee

All creditors per the attached matrices (via ECF and Regular Mail) by depositing the same in the United States mail, first class, postage prepaid.

That on this day, the foregoing Objection to Motion to Approve Sale Free and Clear of Liens Under 11 U.S.C. § 363 was served by electronic means through the Court's CM/ECF service on:

> Roy Michael Roman
> *Attorney for Debtor*

I certify under penalty of perjury that the foregoing is true and correct.

Dated:  March 24, 2026            WOMBLE BOND DICKINSON (US) LLP

                              By:  /s/Morgan L. Burkett

WBD (US) 4938-3449-8200v4